## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD GROSSO | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 23-71E |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| SUPERINTENDENT MICHAEL J. ZAKEN; | ) | Re: ECF No. 29 |
| THE DISTRICT ATTORNEY OF ERIE | ) | |
| COUNTY; *and* | ) | |
| THE ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

### <u>ORDER</u>

Petitioner Richard Grosso ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania. Petitioner submitted the self-styled "Petition," which was received by this Court on March 16, 2023, and in which Petitioner seeks federal habeas corpus relief under 28 U.S.C. § 2254. ECF Nos. 1 and 1-1. The Petition was formally filed on March 30, 2023. ECF No. 11.

Respondents filed their Answer on May 5, 2023. ECF No. 19. It appears that Respondents did not properly serve Petitioner until June 22, 2023. ECF No. 28. Petitioner was granted until July 24, 2023, to traverse the Answer. ECF No. 27. Nevertheless, Petitioner filed his Traverse on July 11, 2023. ECF No. 30.

Currently before this Court is Petitioner's self-styled "Petitioner's Motion to Compel Respondents to Produce <u>All</u> Documentation Pertaining to Petitioner's Erie County Court Case from the Office of the Erie County District Attorney" (the "Motion"). ECF No. 29. In the Motion, Petitioner seeks discovery from Respondents, as well as an order compelling Respondents to serve Petitioner directly at his prison, rather than through the third-party vendor used by the

Pennsylvania Department of Corrections ("DOC").  The Motion will be denied without prejudice, as stated below.

With respect to discovery, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997); Harris v. Nelson, 394 U.S. 286, 297 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding.").  Discovery is authorized in Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Court only by leave of court upon a showing by the petitioner of "good cause," which may be made "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief[.]" Harris, 394 U.S. at 300; see also Bracy, 520 U.S. at 908-09; Lee v. Glunt, 667 F.3d 397, 404 (3d Cir. 2012).

"The burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production."  Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011). "[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery" Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991); Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987) (same).  Additionally, Rule 6 does not authorize what is commonly referred to as "fishing expeditions" and it is not enough for a petitioner to speculate that the discovery he seeks might yield information that would support one of his claims or that it would give support to a new claim.  See, e.g., Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994) (quoting with approval Munoz v. Keane, 777 F. Supp. 282, 287 (S.D.N.Y. 1991) ("petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence"); see also Rega v. Wetzel, No. 13-cv-1781, 2014 WL 4079949, at *2 (W.D. Pa. Aug. 18, 2014); See also Tedford v. Beard, No.

09-cv-409, 2010 WL 3885207, at *4 (W.D. Pa. Sept. 28, 2010) ("Because a petitioner in a § 2254 case must first exhaust any claim in state court before he brings it in federal court, a federal court must, in considering a state prisoner's motion for discovery, take into account any lack of diligence on the petitioner's part in developing the record in state court.").

Upon review, Petitioner's Motion is unclear as to what specific discovery items he seeks. Indeed, it appears that he may want the prosecution's entire case file. ECF No. 29 at 1-2. Petitioner further does not explain how the discovery he seeks will support the claims in his Petition, or otherwise show that he is entitled to relief. Accordingly, Petitioner has failed to demonstrate good cause, and his Motion must be denied as to this relief. However, denial will be without prejudice to Petitioner filing a motion for discovery that complies with Rule 6 by the date-certain set forth below.

Next, this Court turns to Petitioner's request that Respondents be directed to send mail to Petitioner directly at his prison. Under the DOC's prior policy, mail from a district attorney under the circumstances of the present matter would not have qualified as "privileged mail," and would not have been delivered by prison officials. See McLaughlin v. Zavada, No. 19-422, 2019 WL 5697347, at *1-3 (W.D. Pa. Nov. 4, 2019) (discussing prior DC-ADM 803). However, DOC policy was amended on August 10, 2020, to include certain "[m]ail from an elected or appointed federal, state, or local official who has sought and obtained a control number issued by the Department's Office of Chief Counsel" in the definition of "Incoming Privileged Correspondence." See DC-ADM 803.1.A.4, 803.1.D, and "Glossary of Terms." (available at https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate %20Mail%20and%20Incoming%20Publications.pdf (last visited July 19, 2023)). Accordingly, it appears that mail from Respondents – represented by the Erie County District Attorney and the

Office of the Attorney General of Pennsylvania – would be delivered to Petitioner if it were mailed with a control number.

That said, while it appears that Respondents were lax in meeting their duty to serve Petitioner the Answer, see ECF No. 26, it appears from the docket that Respondents have corrected their error in response to this Court's Order dated June 20, 2023.  ECF Nos. 27 and 28.  This Court trusts that Respondents will continue to serve Petitioner with their filings, as they are required to do under the Federal Rules of Civil Procedure.  Furthermore, to the extent that Petitioner needs an extension of time due to any delay in his mail reaching him through the third-party contractor, this Court routinely grants such requests.

Accordingly, this Court will decline to issue an order compelling Respondents to serve their filings on Petitioner through the prison's legal mail address.  However, in the interest of judicial efficiency, Respondents are encouraged to obtain a DOC control number to facilitate direct mail to Petitioner.  If Respondents' use of the third-party contractor in the future causes delay in receipt of pleadings or motions, or otherwise results in unfair prejudice to Petitioner, Petitioner may move for further relief from this Court.

AND NOW, this 19th day of July, 2023, IT IS HEREBY ORDERED, ADJUDGED and DECREED that "Petitioner's Motion to Compel Respondents to Produce All Documentation Pertaining to Petitioner's Erie County Court Case from the Office of the Erie County District Attorney," ECF No. 29, is DENIED WITHOUT PREJUDICE, as stated herein.  IT IS FURTHER ORDERED that, if Petitioner wishes to file a motion for discovery that complies with Rule 6 of the Rules Governing Section 2254 Cases, he shall do so on or before **August 18, 2023**.

IT IS FURTHER ORDERED that, within 14 days, the parties may appeal this Order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrate Judges.  Failure to appeal in a timely manner will constitute waiver of the right to appeal.

Dated: July 19, 2023                                   BY THE COURT:

                                                       MAUREEN P. KELLY
                                                       UNITED STATES MAGISTRATE JUDGE

cc:      RICHARD GROSSO
         CW-6956
         SCI GREENE
         169 PROGRESS DRIVE
         WAYNESBURG, PA 15370


         All counsel of record via CM/ECF