IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD GROSSO, | ) |
| Petitioner, | ) Civil Action No. 23-71E |
| v. | ) District Judge Susan Paradise Baxter |
| | ) Magistrate Judge Maureen P. Kelly |
| SUPERINTENDENT MICHAEL J. ZAKEN; THE DISTRICT ATTORNEY OF ERIE COUNTY, *and* THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) Re: ECF Nos. 32 and 39 |
| Respondents. | ) |

## **MEMORANDUM ORDER**

Richard Grosso ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania.

Petitioner initiated this action by submitting his initial Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Initial Petition"), which was received by this Court on March 16, 2023. ECF No. 1. The Initial Petition was accompanied by a supporting Memorandum of Law. ECF No. 1-1. Petitioner paid the filing fee on March 21, 2023. ECF No. 3. The Initial Petition and Memorandum of Law were formally filed the same day. ECF Nos. 4 and 5.

On March 30, 2023, pursuant to this Court's Order, ECF No. 2, Petitioner submitted an Amended Petition on this Court's approved form. ECF No. 11. The Amended Petition explicitly incorporates his Memorandum of Law. Id. at 8.

In the Amended Petition, Petitioner attacks convictions at Docket No. CP-25-CR-1568-2019 in the Court of Common Pleas of Erie County, Pennsylvania, for Escape, in violation of 18 Pa. C.S.A. § 5121, and Disorderly Conduct, in violation of 18 Pa. C.S.A. § 5503. ECF No. 11

1

at 1. See also Docket, Com. v. Grosso, No. CP-25-CR-1568-2019 (CCP Erie County) (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-25-CR-0001568-2019&dnh=Bt8eRfm%2BeVDm2koWWb4pkw%3D%3D (last visited Feb. 12, 2024)).

Currently before this Court are Petitioner's Motion for Leave to Conduct Discovery under Fed.H.C.R. 6 ("Discovery Motion"), ECF No. 32, and his correspondence dated December 15, 2023, ECF No. 39, which the Court construes of as a motion for status update. The Discovery Motion is fully briefed, ECF Nos. 34 and 38, is ripe for disposition, and will be denied. Petitioner's request for status update is mooted by this Memorandum Order, and will be denied as moot.

## I.   FACTUAL HISTORY AND PROCEDURAL BACKGROUND

The following is a recitation of the relevant factual and procedural history by the Pennsylvania Superior Court in its opinion relative to Petitioner's appeal from the denial of post-conviction relief pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 et seq.

> On March 15, 2019, Appellant attempted to escape from SCI-Albion by scaling fences and moving between prison yards before guards apprehended him in an unauthorized area of the prison. On April 8, 2019, the Commonwealth filed a Criminal Complaint charging him with Criminal Attempt - Escape. Public defender Alan Natalie, Esq., entered his appearance on behalf of Appellant prior to the June 4, 2019 preliminary hearing. On July 24, 2019, the Commonwealth filed a Criminal Information charging Appellant with Escape, but not Attempted Escape, stating that Appellant "did attempt to escape from Albion State Correctional Institute ...; thereby [Appellant] did commit the crime of Escape[.]" The complaint and the information additionally charged Appellant with Disorderly Conduct because his conduct forced the prison "to go into lock down causing disruption to the normal routine of the facility."
>
> On February 28, 2020, counsel filed a motion to withdraw, citing a breakdown in the attorney-client relationship based upon

2

Appellant's numerous *pro se* filings, which included allegations of counsel ineffectiveness. The trial court granted counsel's request to withdraw on March 2, 2020, and Appellant waived his right to counsel on March 5, 2020.

On March 11, 2020, the court held a plea hearing at which the Assistant District Attorney (ADA) reviewed Appellant's waiver of his right to counsel and clarified, among other things, that "if any errors or rule violations occur and you don't object to them at the right time, you'll lose your right to object permanently." Appellant reiterated that he voluntarily waived his right to counsel. The ADA then described the charges as set forth in the Criminal Information, stating that as a result of his "attempt to escape," he committed "the crime of [E]scape."

During the plea colloquy, the trial court asked Appellant if he understood the charges. When Appellant indicated that he was being charged with Attempted Escape, the court corrected him explaining that Escape "is the official term[.]" At the conclusion of the colloquy, the court accepted Appellant's plea to Escape and Disorderly Conduct, finding it "knowing and voluntary."

Subsequently, the trial court reappointed Attorney Natalie upon Appellant's request for sentencing counsel. The court sentenced Appellant to 27 to 54 months of incarceration for Escape and one year of probation on the Disorderly Conduct charge, to be served consecutively. The court stated that the sentence imposed for Escape was "at the lowest end of the standard range."

Attorney Natalie filed a notice of appeal in this Court on behalf of Appellant and a "Statement of Intent to File an *Anders/McClendon* Brief, pursuant to Pa.R.[A.]P. 1925(c)(4), in Lieu of a Statement of Matters Complained of on Appeal" (*Anders* Statement). Counsel indicated that Appellant maintained that he should have been prosecuted for Attempted Escape rather than Escape because he "did not achieve full removal" from the prison. Counsel additionally acknowledged that Appellant sought to challenge the consecutive aspect of his probationary sentence for Disorderly Conduct.

In its Pa.R.A.P. 1925(a) Opinion, the trial court opined that Appellant's allegations of error related to his guilty plea were "belied by the record," given that Appellant entered his plea "knowingly, voluntarily, and intelligently." The trial court additionally rejected Appellant's challenge to the consecutive nature of his Disorderly Conduct sentence, which the court deemed

3

to be within the discretion of the court. Thereafter, Appellant filed a document *pro se* seeking to discontinue his appeal, and this Court issued an order to that effect on October 7, 2020.

Within weeks, Appellant filed a *pro se* PCRA petition on October 19, 2020. Following his appointment as PCRA counsel, Attorney William Hathaway, Esq., filed a supplemental PCRA petition setting forth Appellant's challenge to the "integrity of the plea proceeding" due to the confusion regarding the charges. The Supplemental PCRA Petition additionally alleged that the ADA committed prosecutorial misconduct in allowing the charge of Escape to proceed when the facts supported only Attempted Escape and that Attorney Natalie provided ineffective assistance of counsel by failing to file a petition to withdraw Appellant's plea prior to sentencing. It also asserted a claim of ineffective assistance of counsel based upon counsel's alleged failure to challenge the discretionary aspects of Appellant's sentence for Disorderly Conduct.

In response to Appellant's supplemental petition, the Commonwealth conceded the arguable merit of Appellant's ineffectiveness claim related to his plea given Appellant's "facially valid concern for confusion and misunderstanding," regarding the "precise crime to which he entered a guilty plea." The Commonwealth emphasized, however, that Appellant could not demonstrate ineffective assistance of counsel because Appellant represented himself at the plea hearing. The Commonwealth further noted that Attorney Natalie was "not ineffective in failing to go against [Appellant's] own willful acts or failing to override [Appellant's] own missteps at his guilty plea," and rejected claims of prejudice resulting from the plea given that Attempted Escape and Escape are both felonies of the third degree that resulted in the same offense gravity score for sentencing purposes. It additionally countered Appellant's challenge to his sentence for Disorderly Conduct by asserting that the sentence was within the discretion of the trial court.

Following an evidentiary hearing, the PCRA Court issued an opinion in support of denying PCRA relief on December 20, 2021, and Appellant filed a notice of appeal on January 9, 2022. The record does not indicate that the PCRA Court requested Appellant to file a Pa.R.A.P. 1925(b) Statement. On January 14, 2022, the PCRA Court entered an order indicating that it would not file an additional opinion, relying instead on its prior orders and opinions.

Com. v. Grosso, 287 A.3d 860 (Table), No. 69 WDA 2022, 2022 WL 7297683, at *1-3 (Pa. Super. Ct. Oct 13, 2022) (original footnotes omitted, additional footnote added), appeal denied, 293 A.3d 564 (Pa. 2023). See also Docket, Grosso, No. 69 WDA 2022 (available at https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=69%20WDA%202022&dnh=FxCiEZ3BaXqB9j1WPEMFzQ%3D%3D (last visited Feb. 12, 2024)).

In his PCRA appeal, Petitioner raised the following issues:

> A. Whether the appellant's entry of a guilty plea to escape was invalid in that the charging documents and all relevant notice afforded to the appellant referenced that he was charged with attempted escape?
>
> B. Whether the guilty plea was rendered void due to the combined prosecutorial misconduct and ineffective assistance of counsel in permitting the appellant to enter a guilty plea to a criminal offense that he was not charged with and then failing to seek to withdraw that ill-gotten plea after reassuming legal representation?
>
> C. Whether the appellant was afforded ineffective assistance of counsel in that the conduct of the appellant factually and legally supported an attempted escape or arguably a mere administrative violation of the institution given that he was detained within the confines of the institution in an unauthorized area without any substantial step undertaken toward escaping?
>
> D. Whether the appellant was afforded ineffective assistance of counsel in that defense counsel failed to preserve and present a sentencing claim on his behalf that the conviction for disorderly conduct should have merged for purposes of sentencing?

Grosso, 2022 WL 729768, at *3 (internal citation omitted). The Superior Court found all of these issues to have been waived, either due to Petitioner's *pro se* withdrawal of his direct appeal, or due to his failure to adequately brief the issue. Id. at *5-6. See also Pa. R.A.P. 2119(a) (requiring that each point in an argument be "followed by such discussion and citation of authorities as are deemed pertinent"). In a footnote, the Superior Court additionally indicated that the ineffective assistance of counsel portions of Issue B lacked merit, because Petitioner

5

waived his right to counsel during his guilty plea, and because Petitioner had failed to show prejudice because the crimes of Attempted Escape and Escape both would subject him to the same offense gravity score at sentencing under state law. Id. at *5 n.21.

Petitioner timely sought leave to appeal from the Pennsylvania Supreme Court on October 27, 2022; however, *allocatur* was denied on March 2, 2023. Docket, Com. v. Grosso, No. 264 WAL 2022 (available at https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=264%20WAL%202022&dnh=luOTritWLYfU1gZY3HymyQ%3D%3D (last visited Feb. 12, 2024)).

## II. THE AMENDED FEDERAL HABEAS PETITION

Petitioner initiated this federal habeas action March 16, 2023, as stated above. In the pending Amended Petition, ECF No. 11, Petitioner asserts the following grounds for relief.

> Ground One:  Petitioner was wrongly charged with escape when he never broke custody from his jailers.
>
>> (a) Supporting facts[]: Petitioner should have been charged, if at all, with "Criminal Attempt" 18 Pa C.S. § 901, not Escape 18 Pa. C.S. § 5121, since he never left the jail. When Petitioner agreed to plead guilty, the Court and prosecutor lead Petitioner into believing Petitioner was pleading guilty to criminal attempt it wasn't until he received a new "status sheet" at SCI-Greene that he learned he was convicted of escape. Trial Counsel should have had the escape charge dismissed and/or objected to said Escape charge during the sentencing phase. See Petitioner's Memorandum of Law.

Id. at 5

> Ground Two:  (a) Whether Petitioner should have been charged with escape, but instead was led to believe he was pleading guilty to criminal attempt (both offenses contain 2 different statutes);
>
> (b) Whether escape and disorderly conduct offenses & sentences should have merged for sentencing purposes since the elements of each offense were directly related to each other;
>
> (c) Whether Mr Natalie was ineffective in his assistance by failing to raise any timely objections to the escape charge since Petitioner never escaped,

6

nor objected at the sentencing phase to the non-merger of consecutive sentences imposed and intending to file an Anders-McClendon brief on direct appeal.

Id. at 7.

At "Ground Three," Petitioner explicitly re-raises his prior grounds for relief, but does not assert any additional basis for relief. Id. at 9.

Respondents answered the Amended Petition on May 5, 2023. ECF No. 19. Petitioner submitted a Traverse on July 11, 2023. ECF No. 30.

On August 8, 2023, Petitioner submitted the Discovery Motion. ECF No. 32. Respondents filed their Response in opposition on September 8, 2023. ECF No. 34. Petitioner filed a Reply on October 3, 2023. ECF No. 38.

The pending Discovery Motion is ripe for consideration.

## III. THE DISCOVERY MOTION (ECF No. 32)

In the pending Discovery Motion, ECF No. 32, Petitioner seeks the following discovery from Respondents' attorney Michael Burns of the Erie County District Attorney's Office.

1. The misconduct report from SCI Albion dated March 15, 2019, charging Petitioner with "Escape."

2. The written security report from SCI Albion, transcribed by security captain Howard Sissem on or after March 15, 2019, relating to Petitioner's alleged escape attempt at SCI Albion on March 15, 2019.

3. The various maps devised by the security office at SCI Albion, which clearly depict Petitioner's precise "escape route" within the confines of SCI Albion, and which also clearly show where Petitioner was actually apprehended during the early morning hours of March 15, 2019, within the SCI Albion facility.

4. The actual police Criminal Complaint with the affidavit of probable cause, alleging he actually escaped from custody, thus breaking custody from SCI Albion on March 15, 2019.

5. The written definitions of the Commonwealth of Pennsylvania's criminal offenses of: Escape, 18 Pa.C.S. §5121, and Criminal Attempt, 18 Pa.C.S. §901.

7

    6. The "Sentencing Order" issued June 18, 2020, and signed by Judge David Ridge, which shows Petitioner was actually sentenced for the offenses of Escape and Disorderly Conduct.

ECF No. 32 at 1-2.

Petitioner also seeks to propound the following proposed Requests for Admission on Respondents.

    a. Mr. Grosso was found, laying still, by the weight-pit area of the recreation yard at SCI Albion, on the morning of March 15, 2019.

    b. Mr. Grosso did not breach the outer perimeter fence at SCI Albion on March 15, 2019.

    c. Mr. Grosso did not physically touch the outer perimeter fence at SCI Albion on March 15, 2019.

    d. Mr. Grosso admitted to the SCI Albion security captain that he had changed his mind about escaping.

    e. Mr. Grosso did not breach the "four-foot" fence paralleling the outer perimeter fence at SCI Albion on Mach 15, 2019.

Id. at 3-4. Petitioner's justification for this discovery is that he was not guilty of Escape or Attempted Escape.[1]  Id. at 2-4.

---

[1] This is a reference to Commonwealth v. McCloskey, 341 A.2d 500 (Pa. Super. Ct. 1975), which Petitioner cites multiple times throughout his briefing. McCloskey is inapposite for two reasons. First, it dealt with the former crime of prison breach, 18 Pa. C.S.A. § 4309, which was repealed in 1973. See Com. v. Meise, 312 A.2d 48, 49-50 and n.3 (Pa. Super. Ct. 1973). Second, it was decided before the enactment of the present Pennsylvania Attempt statute, 18 Pa. C.S.A. § 901, which supplanted the common law analysis for abandonment recited in McCloskey court relied, and upon which Petitioner now relies. Com. v. Howard, 375 A.2d 79, 82-83 (Pa. Super. Ct. 1977).

To be sure, 18 Pa. C.S.A. § 901(c) allows the defense of "renunciation" to the crime of attempt if it is "voluntary and complete[.]" But the statute further states that "(2) A renunciation is not 'voluntary and complete' within the meaning of this subsection if it is motivated in whole or part by: (i) a belief that circumstances exist which increase the probability of detection or apprehension of the defendant or another participant in the criminal enterprise, or which render more difficult the accomplishment of the criminal purpose[.]" Given that the record before this Court indicates that Petitioner's alleged renunciation was motivated by this very thing, see, e.g., (continued . . . .)

Much of the requested written discovery already is part of the record before this Court. Namely, Item Nos. 1, 4, and 6 are in the paper state court record, and will be considered by this Court. With respect to Item 2, a "Memorandum of Interview" between Petitioner, Captain Sissem, and Lieutenant Floyd, dated March 15, 2019, also is in the state court record. With respect to Item 3, multiple maps purporting to be of Petitioner's location during the escape attempt are attached to Petitioner's initial PCRA petition. With respect to Item 5, Petitioner simply seeks copies of the relevant statutes, but has not indicated why he cannot access them via his prison's law library.

With respect to the proposed Requests for Admission, Petitioner proposes to propound the same on Respondents. ECF No. 32 at 3. Neither the state court record nor the parties' briefing indicate that any Respondent hereto was a witness to the underlying crimes of which he was convicted.

### IV. DISCUSSION

#### A. Discovery in Federal Habeas Proceedings

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997); Harris v. Nelson, 394 U.S. 286, 297 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding."). Discovery is authorized in Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Court only by leave of court upon a showing by the petitioner of "good cause," which may be made "where specific

---

ECF No. 5 at 4 ("The mobile unit did not move and petitioner who was counting on using the cover of the early morning darkness to successfully pull this off, realized the sun was coming up and as a result, he ruled out his escape altogether"), his argument that he is innocent even of attempt is unpersuasive.

allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief[.]" Harris, 394 U.S. at 300; see also Bracy, 520 U.S. at 908-09; Lee v. Glunt, 667 F.3d 397, 404 (3d Cir. 2012).

"The burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011). "[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery[.]" Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991); Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987) (same). Additionally, Rule 6 does not authorize what is commonly referred to as "fishing expeditions," and it is not enough for a petitioner to speculate that the discovery he seeks might yield information that would support one of his claims or that it would give support to a new claim. See, e.g., Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994) (quoting with approval Munoz v. Keane, 777 F. Supp. 282, 287 (S.D.N.Y. 1991) ("petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence")); see also Rega v. Wetzel, No. 13-cv-1781, 2014 WL 4079949, at *2 (W.D. Pa. Aug. 18, 2014); Tedford v. Beard, No. 09-cv-409, 2010 WL 3885207, at *4 (W.D. Pa. Sept. 28, 2010) ("Because a petitioner in a § 2254 case must first exhaust any claim in state court before he brings it in federal court, a federal court must, in considering a state prisoner's motion for discovery, take into account any lack of diligence on the petitioner's part in developing the record in state court.").

Further, where an assessment of a habeas petition reveals that it fails on some legal ground, the proper course is to deny motions seeking factual discovery. Brown v. DiGuglielmo, No. 07-3465, 2007 WL 4242266, at *1 n.2 (E.D. Pa. Nov. 29, 2007) (citing Williams v. Bagley,

10

380 F.3d 932, 974-76 (6th Cir. 2004)) (noting that discovery requests relating to procedurally defaulted claims were properly denied because discovery could not lead to a colorable basis for relief on those claims); Peterkin v. Horn, 30 F. Supp. 2d 513, 518-20 (E.D. Pa. 1998) (same).

    B.    **Petitioner has not demonstrated good cause for the discovery that he seeks.**

As stated above, many – if not all – of the documents that Petitioner seeks are part of the paper record before this Court already, and were reviewed as part of the preparation of this Memorandum Order and contemporaneously-filed Report and Recommendation. They – like Petitioner's proposed Requests for Admission – are sought for the purpose of attacking the merits of the Escape charge to which Petitioner pleaded guilty. ECF No. 32 at 2-4. But for the reasons stated in the Report and Recommendation, Petitioner waived his right to do this when he knowingly, intelligently, and voluntarily pleaded guilty. This is clear on the record even under *de novo* review. That knowing, voluntary, and intelligent waiver further precludes Petitioner's ineffective assistance of counsel claims. Nothing in the requested discovery would support an argument that Petitioner's plea was invalid, or that trial counsel was ineffective for failing to move to withdraw it.

The undersigned acknowledges that the requested discovery might arguably be used to support an attack on the possible procedural default of Petitioner's claims. But even if this Court were convinced that the requested documents – to the extent that they are not already a part of the paper state court record – and the proposed Requests for Admissions were proper for that purpose under Section 2254(e)(2) and Rule 6 of the Rules Governing Section 2254 Cases, Petitioner still would not be able to prevail on his claims even under *de novo* review for the reasons discussed more fully in the Report and Recommendation.

Accordingly, because the discovery that Petitioner seeks would not aid Petitioner in demonstrating that he is entitled to relief on the grounds asserted, Harris, 394 U.S. at 300, his Discovery Motion will be denied.

## V. CONCLUSION

For the reasons set forth herein, Petitioner's pending Discovery Motion, ECF No. 32, will be denied. Petitioner's motion for a status update, ECF No. 39, will be denied as moot in light of this Memorandum Order.

An appropriate Order follows.

AND NOW, this 12th day of February, 2024, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Leave to Conduct Discovery under Fed.H.C.R. 6, ECF No. 32, is DENIED.

2. Petitioner's correspondence dated December 15, 2023, ECF No. 39, which this Court construes of as a motion for status update, is DENIED AS MOOT in light of this Memorandum Order.

IT IS FURTHER ORDERED that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any party opposing such an appeal may respond within fourteen (14) days thereafter.

Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Richard Grosso
CW-6956
SCI Greene
169 Progress Drive
Waynesburg, PA 15370

All counsel of record (*via* CM/ECF)