IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD GROSSO,                )
                               )
        Petitioner,            )
                               )
    v.                         )   Case No. 1:23-CV-71
                               )
SUPER. MICHAEL J. ZAKEN, et al, )
                               )
        Respondents.           )

## MEMORANDUM ORDER

**Procedural History**

    This petition for writ of habeas corpus was received by the Clerk of Court on March 16, 2023. The matter was assigned to United States Magistrate Judge Maureen P. Kelly, and later referred to her for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

    In his Amended Petition, Petitioner challenges his criminal convictions in the Erie County Court of Common Pleas for Escape in violation of 18 Pa. C.S.A. § 5121 and Disorderly Conduct in violation of 18 Pa. C.S.A. § 5503, two charges to which he entered a guilty plea. As grounds for habeas corpus relief, Petitioner asserts that

> He was wrongly charged with escape even though he never broke custody from his jailers;
>
> He was falsely led to believe he was pleading guilty to criminal attempt rather than escape;
>
> The escape and disorderly conduct offenses and sentences should have merged for sentencing purposes since the elements of each offense were directly related to each other; and

> Counsel was ineffective for failing to raise any timely objections to the escape charge since Petitioner never escaped and failed to object at the sentencing phase to the non-merger of consecutive sentences imposed and expressing his intention to file an Anders-McClendon brief on direct appeal.

ECF No. 11.

Despite the fact that the amended petition specifically incorporated Petitioner's original Memorandum of Law, the District Attorney's office of Erie County filed a Response to the petition without reference to any argument raised in the Memorandum of Law. ECF No. 19. Petitioner filed a Traverse. ECF No. 30. Throughout the course of this litigation, Petitioner also filed other non-dispositive motions.

On February 12, 2024, Magistrate Judge Kelly issued a Report and Recommendation recommending that the petition be denied and that a certificate of appealability be denied. ECF No. 41. At the same time, Magistrate Judge Kelly filed a Memorandum Opinion denying Petitioner's motion for leave to conduct discovery. ECF No. 42. Thereafter, Petitioner objected to the Report and Recommendation while simultaneously challenging the Order denying the motion for discovery (which this Court will liberally construe as an appeal of that order). ECF No. 43.

**Petitioner's Appeals of Non-dispositive Orders**

Petitioner appeals Judge Kelly's denial of the appointment of counsel, as well as the motion to conduct discovery. Parties may challenge a magistrate judge's non-dispositive order by appealing to a district judge within fourteen days of service. The district judge will then "consider [the] timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a).

Judge Kelly denied the appointment of counsel by Order dated March 30, 2023. She

explained that the denial was based on its prematureness and that the denial was without prejudice to be reasserted at the proper time. ECF No. 13. Petitioner neither appealed the order in a timely manner nor re-asserted the motion at the proper time. Petitioner's appeal is out of time as the order was filed over fifteen months ago. However, regardless of whether Petitioner should be time-barred from challenging the denial of appointment of counsel, there is nothing in Judge Kelly's denial that is either "clearly erroneous or is contrary to law." This appeal will be denied.

On the same day the Report and Recommendation addressing the petition for writ of habeas corpus was issued, Judge Kelly filed a lengthy Memorandum Order denying Petitioner's request for discovery. ECF No. 42. In the denial, she referenced § 2254(e)(2) and Rule 6 of the Rules Governing Section 2254 Cases and explained that the discovery was sought for the purpose of attacking the merits of the Escape charge to which Petitioner pled guilty and, because the state court record reveals that he made a knowing, voluntary and intelligent plea, Petitioner is precluded from making such an argument in this habeas case. *Id.* at 11. Petitioner appeals that decision arguing that the requested discovery would have revealed that he was entitled to habeas relief and complaining about the timing of the decision. ECF No. 43. While this appeal is timely, again, there is nothing in Judge Kelly's denial of discovery that is either "clearly erroneous or is contrary to law." Judge Kelly's determination that the state court record reveals the voluntariness of his guilty plea in turn precludes him from attacking the merits of the Escape charge. The appeal will be denied.

**Petitioner's Objections**

Finally, Petitioner objects to the recommendation that his petition be denied and a certificate of appealability be denied.

3

When "a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) *quoting* 28 U.S.C. § 636(b)(1). District courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2).

Petitioner's Objections are uncomplicated asking the undersigned to review the case de novo. He specifically requests that the Court review the memorandum of law and exhibits that accompanied his original petition for writ of habeas corpus. ECF No. 43, page 5.

Upon *de novo* review of all of Petitioner's filings in this matter, the Court finds no error in the Report and Recommendation as Petitioner's Objections are a reiteration of the arguments raised in his original and amended petitions. Petitioner's arguments have been thoroughly reviewed and addressed by Magistrate Judge Kelly. Accordingly, the following order is entered:

AND NOW, this 31st day of July 2024,

IT IS ORDERED that Petitioner's appeals of the denial of appointment of counsel and the denial of discovery are overruled.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is denied and a certificate of appealability is denied.

IT IS FURTHER ORDERED that final judgment is entered in favor of Respondents and against Petitioner pursuant to Fed.R.Civ.P. 58.

AND, IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Kelly, issued on February 12, 2024 [ECF No. 41] is adopted as the opinion of the court.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge